UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.

PHILIP CHARLES KELLOTAT,

        Defendant-Petitioner.
_____

CR 93-195-RE

OPINION AND ORDER

REDDEN, Judge:

      Before the court is Petitioner's Motion (doc. 321) for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, Petitioner's Rule 60(b) motion is construed as a second or successive § 2255 motion. Because the Ninth Circuit has not granted Petitioner leave to file a second or successive petition for habeas relief, Petitioner's motion is DENIED.

Background

On June 23, 1993, a federal grand jury returned a five-count indictment charging Petitioner and a co-defendant with conspiracy to manufacture methamphetamine, possession with intent to distribute methamphetamine, distribution of methamphetamine, and possession of ephedrine. After a series of substitutions of his court-appointed counsel, Petitioner filed a motion to waive counsel and appear *pro se* in September 1993. I denied that motion.

On October 8, 1993, Petitioner again filed a motion to proceed *pro se* and requested the court reconsider his motion to waive counsel. To ensure that his decision to represent himself was made knowingly, voluntarily, and intelligently, I warned Petitioner that his interests wold probably be better served by an attorney. I also asked him several times whether he was clearly and unequivocally asserting his right to represent himself. On October 21, 1993, I granted Petitioner's motion to proceed *pro se*, but instructed his court-appointed counsel to remain as his legal advisor throughout trial. Petitioner filed extensive pretrial motions with the with the assistance of his court-appointed legal advisor.

On December 21, 1993, a jury found Petitioner guilty on all counts. On June 24, 1994, I sentenced petitioner to 360 months of imprisonment on count one. I sentenced him to serve an additional 360 months imprisonment on counts two, three, and four, and 120 months on count five, but I allowed those sentences to run concurrently with the sentence imposed on count one. On September 25, 1995, the Ninth Circuit affirmed the judgment of conviction. United States v. Kellotat, 67 F.3d 309 (9th Cir. 1995).

On April 21, 1997, Petitioner timely filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Petitioner raised fifteen ineffective

assistance of appellate counsel claims. He also alleged that the prosecution unlawfully withheld a potentially exculpatory audiotape, that the court lacked jurisdiction to impose his sentence, and that the enhancement of his sentence was unlawful under the federal sentencing guidelines. In an Opinion and Order entered on August 12, 1997, I specifically addressed and rejected each of Petitioner's arguments. See United States v. Kellotat, No. CR 93-195 (D. Or. Aug. 12, 1997). Accordingly, I denied the Section 2255 motion.

On October 20, 1998, the Ninth Circuit Court of Appeals affirmed the denial of Petitioner's Section 2255 motion. Petitioner then filed a motion with the Ninth Circuit for authorization to file a second or successive 28 U.S.C. § 2255 motion in this court. In an unpublished disposition, the Ninth Circuit denied Petitioner's motion because Petitioner failed to make a "prima facie showing under 28 U.S.C. § 2255 of: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the defendant guilty of the offense; or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Kellotat v. United States, No. 05-77278 (9th Cir. Feb. 24, 2006).

On May 30, 2007, Petitioner filed this motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), purportedly challenging various "defect[s] in the integrity of the federal habeas proceeding[s]." Petitioner contends that both this court and the Ninth Circuit failed to understand various issues raised in his previous § 2255 motion, and thus failed to rule on merits of those claims. Though his 60(b) motion is difficult to decipher, Petitioner raises four separate, but somewhat overlapping challenges to his sentence, the denial of his first

PAGE 3 - OPINION AND ORDER

Section 2255 motion, and the Ninth Circuit's rejection of his application to file a successive habeas petition. First, Petitioner argues the Ninth Circuit erred in denying his "Application for a Second or Successive Habeas Corpus Petition." Petitioner contends the Ninth Circuit misunderstood his constitutional argument regarding the retroactivity of <u>United States v. Booker</u>, 543 U.S. 220 (2005). Second, Petitioner attacks the validity of his sentence, and argues that this court and the Ninth Circuit failed to reach the merits of his sentencing claim under <u>Booker</u>. Third, Petitioner again argues the government unlawfully withheld a potentially exculpatory audiotape. Finally, Petitioner argues that this court lacked jurisdiction to impose his sentence. Despite the fact that Petitioner is challenging his sentence and conviction, he argues that his Rule 60(b) motion should not be construed as a successive Section 2255 because this court's and the Ninth Circuit's failure to reach the merits of the above claims constitutes a "defect in the integrity of the federal habeas proceeding." Petitioner seeks an order from this court allowing him to file yet another "second or successive" habeas corpus petition, or in the alternative, an order allowing him to file a motion for reconsideration with the Ninth Circuit.

<u>Discussion</u>

Before this court may undertake any consideration of the merits of Petitioner's Rule 60(b) claims, it must first determine whether the motion is properly before the Court.

Pursuant to 28 U.S.C. § 2244(a):

No circuit or district judge shall be required to entertain an application for a writ of habeas to inquire in the detention of a person pursuant to a judgment of the a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255."

Section 2255 provides:

PAGE 4 - OPINION AND ORDER

> A second or successive petition or motion *must* be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (emphasis added).

Accordingly, a district court must dismiss a second or successive 2255 motion for lack of jurisdiction unless the defendant obtains proper certification from the appropriate court of appeals. Burton v. Stewart, 127 S. Ct. 793, 799 (2007); Torres v. Senkowski, 316 F.3d 147, 151-52 (2d Cir. 2003); Nunez v. United States, 96 F.3d 990, 992 (7th Cir. 1996).

Despite Section 2255's prohibition against filing unauthorized successive habeas petitions, Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances. Gonzales v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b)(6)—the particular provision under which Petitioner brings the present motion—allows a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment," other than the more specific circumstances set out in Rule 60(b)(1)-(5) (*i.e.*, mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud). Fed. R. Civ. P. 60(b); Gonzales, 545 U.S. at 528-29. The mandatory jurisdictional procedures set out in Section 2255 do not expressly circumscribe the operation of Rule 60(b). Gonzales, 545 U.S. at 529. Rather, "Rule 60(b), like the rest of the Federal Rules of Civil Procedure, applies to habeas corpus proceedings . . . only 'to the extent that [it is] not inconsistent with' the applicable statutory

provisions" governing such habeas proceedings. Id. (quoting 28 U.S.C. § 2254 Rule 11, and citing Fed. R. Civ. P. 81(a)(2)).

Where the factual predicate for a Rule 60(b) motion also states a claim for a successive habeas petition, however, the Rule 60(b) motion should be treated as a successive habeas petition. Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). Congress has established mandatory jurisdictional procedures that a petitioner must follow when appealing from a district court's denial of relief under Section 2255. A petitioner cannot circumvent those jurisdictional limitations by couching his motion in the language of a true Rule 60 motion. Gonzales, 545 U.S. at 531.

In Gonzales v. Crosby, 545 U.S. 524 (2005), the Supreme Court considered when a court should construe a Rule 60(b) motion as a second or successive habeas petition. The Court concluded that a Rule 60(b) motion should be construed as a second or successive habeas if the motion "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532 (emphasis in original).[1] On the other hand, a proper Rule 60(b) motion attacks, "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the habeas proceedings." Id.

Here, in the guise of a Rule 60(b) motion, Petitioner is asserting new claims for relief and

---

[1] Although Gonzales expressly limited its holding to petitions challenging state imprisonment under 28 U.S.C. § 2254, the reasoning applies with equal force to petitions under Section 2255 because the two statutes are functionally identical. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999); Hill v. Hill, No. CV 00-598, 2006 W.L. 2583436 (D. Or. Sept. 5, 2006).

PAGE 6 - OPINION AND ORDER

challenging "the federal court's previous resolution of a claim on the merits." Id. In his first Section 2255 motion, Petitioner argued this court lacked jurisdiction to impose his sentence, that the prosecution unlawfully withheld potentially exculpatory evidence, and that the court unlawfully enhanced his sentence. In my August 12, 1997 Opinion and Order, I specifically addressed and rejected each of those arguments because they were either without merit, or because Petitioner failed to make the requisite showing of prejudice. Petitioner's present Rule 60(b) motion attempts, in part, to re-litigate the merits of his previous claims. As such, the motion is, in substance, a second or successive habeas petition that requires Petitioner to obtain authorization from the Ninth Circuit to proceed. Because Petitioner did not obtain authorization to file a successive § 2255 motion, this court lacks jurisdiction to consider these claims. See 28 U.S.C. §§ 2244(b)(3) and 2255; United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

Similarly, Petitioner did not obtain authorization to file a successive Section 2255 as to his *new* claim that he is entitled to be re-sentenced pursuant to United States v. Booker, 543 U.S. 220 (2005). Petitioner contends the Ninth Circuit "misunderstood" his Booker argument. But the Ninth Circuit has already held that Booker is not retroactive, and therefore does not apply to cases on collateral review where the conviction was final before the Booker decision. See United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) ("We now join every other circuit that has considered the question in holding that the rule announced by Booker does not . . . operate retroactively."). In other words, the Ninth Circuit denied Petitioner's application to file a successive Section 2255 motion *not* because it misunderstood Petitioner's argument, but because his Booker claim is without merit. In any event, this court has no authority to consider Petitioner's new Booker claim because he failed to obtain the requisite authorization from the

Ninth Circuit to file a second or successive Section 2255 motion.

Even if I were persuaded that there had been some defect in the integrity of the habeas proceedings (which I am not), I reject Petitioner's argument that Rule 60(b) authorizes this court to order the Ninth Circuit to reconsider its Order denying Petitioner's motion to file a successive Section 2255 motion. This court, as an inferior court, is plainly subject to the review of the Court of Appeals for the Ninth Circuit. See 28 U.S.C § 1291. As such, this court has no authority to reconsider or alter the judgment of an appellate court. Nor does the district court have the authority to order the appellate court to take any particular course of action. Similarly, this court has no authority to allow Petitioner to file yet another "second or successive" habeas corpus petition. As discussed above, Congress has established mandatory jurisdictional procedures that require a petitioner to obtain authorization from the court of appeals before a district court may consider a successive Section 2255 motion. Those procedures do not circumscribe the operation of Rule 60(b). But "Rule 60(b), like the rest of the Federal Rules of Civil Procedure, applies to habeas corpus proceedings . . . *only* 'to the extent that [it is] not inconsistent with' the applicable statutory provisions" governing such habeas proceedings. Gonzales, 545 U.S. at 529 (emphasis added). Petitioner's interpretation of Rule 60(b), which would allow this court to consider a successive habeas petition without the Ninth Circuit's authorization, is inconsistent with the plain language of Section 2255. Because Petitioner did not obtain authorization to file a second or successive Section 2255 motion, this court lacks jurisdiction to consider his claims. Burton, 127 S. Ct. at 799; Torres v. Senkowski, 316 F.3d 147, 151-52 (2d Cir. 2003); Nunez v. United States, 96 F.3d 990, 992 (7th Cir. 1996).

## Conclusion

For the reasons stated above, the court construes Petitioner's Rule 60(b) motion as a second or successive Section 2255 motion. Because the Ninth Circuit has not granted Petitioner leave to file a second or successive petition for habeas relief, Petitioner's motion is DENIED.

IT IS SO ORDERED.

DATED this  18th  day of October, 2007.

/s/ James A . Redden
James A. Redden
Senior District Court Judge
